Dear Mayor Valence:
 You have requested the opinion of this office on the following issue:
 Must a municipality which spends approximately $30,000 per year for engine fuels make such purchases in compliance with the Public Bid Law?
Yes. La. R.S. 38:2212A(1)(a) requires that:
 ". . . all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder . . ."
Any division of purchases into small individual orders which results in avoiding the Public Bid Law is a violation of the basic bid requirement cited above. If a public entity can anticipate that during a fiscal year it will require enough of a particular supply such as gasoline which will aggregate in cost to more than the bid threshold of $10,000 during the fiscal year, then the public entity has an obligation to put in place a "delivery order contract" from which purchases will be made as needed during the contract period, generally the fiscal year.
Gasoline is a commodity which presents special problems for such relatively long-term contracts since prices for engine fuels are volatile and subject to wide variations caused by world-market factors and largely outside the control of your vendor. To deal with such price fluctuations we have recommended the use of "index" prices as a base for bid prices. One such index is the Oil Price Information Service ("OPIS") which provides price information on a daily, weekly or monthly basis. This price information is also available in major financial publications such as the Wall Street Journal.
When using such indexes, the contract price is structured to include the index price for each fuel at the terminal closest to your location, together with the vendor's "margin", which would include all of the vendor's costs and profit above the index price. The bid competition occurs only on the margin price offered by each bidder, since all bidders would be paid the same index price for the particular fuel being purchased, regardless of what the vendor's actual cost for that product may be. This pricing structure avoids conflict with the "costplus" prohibition of R.S. 38:2221 while allowing the price flexibility necessitated by cost volatility.
For your reference I am enclosing a copy of the OPIS Pad 3 report for this part of the country along with a typed sheet which provides language drafted to explain the process simply to prospective bidders. Also enclosed is a copy of a gasoline bid solicitation from the Office of State Purchasing which, while more complicated than you will need, gives you an idea of some of the concerns which may arise in a solicitation for bids for gasoline.
I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Yours very truly,
RICHARD P. IEYOUB
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla Enclosures
Date Received:
Date Released: